Judge Karen Overstreet
Chapter 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re: ) No. 09-19609
)
KARL REINKE, )
)
    Debtor, ) OBJECTION TO ENTRY OF ORDER .
) GRANTING RELIEF FROM STAY
_____) (Wells Fargo Bank)

KARL REINKE, the debtor in this Chapter 11 case ("Debtor"), applies to the Court as follows:

Wells Fargo Bank filed a motion for relief from stay on property of the estate located at 923 North 76th St Seattle WA 98103. Wells Fargo Bank is listed as a creditor in these proceedings with a lien on said property.

Wells Fargo Bank filed a motion for relief from the stay for property located at 20001 Damson Road, Lynnwood, WA. Wells Fargo Bank was **not** listed in the debtor's schedules as having a lien on said property. Said property was listed as being secured to First Franklin Financial Bank.

The debtor negotiated an agreement for adequate protection with the attorney for Wells Fargo Bank[1], and the Court entered an order on February 3, 2010 for adequate protection, and the motion of Wells Fargo Bank was stricken.

Counsel's office then took the matter "off the calendar", not realizing that a second Wells Fargo motion was also pending since, as stated above, the debtor's schedules did not reflect that the mortgage debt to First Franklin Financial was now apparently held by Wells Fargo Bank also. It is not clear that the debtor had knowledge or reason to believe that Wells Fargo held the mortgage on 20001 Damson Road as well as on 923 N. 76th St., either, or the debtor would have listed Wells Fargo Bank as such in the Schedules.

To complicate matters, the debtor has hired Special Counsel, Richard Jones, who

---

[1] On the property located at 923 North 76th St., Seattle

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Reply to Wells Fargo-1

has found a discrepancy in the mortgage loan and assignment documents on the debtor's real properties, and is reviewing all of these mortgage claim(s) on behalf of the estate to advise the debtor as to the validity of the claims. A Superior Court proceedings raising these issues has been removed to this court under 28 USC §1452, and Mr. Jones has been hired as Special Counsel to pursue those claims, and the other claims arising thereunder on the debtor's other real properties.

Mr. Jones put in a request for special notice in these proceedings on February 1, 2010[2]. That was after the current motion was filed by Wells Fargo Bank, and therefore Mr. Jones was not aware of the motion nor the time to file a reply to the motion.

The debtor may or may not have an issue with Wells Fargo Bank on the instant property at 20001 Damson Road[3], but the debtor would like a reasonable opportunity to allow Mr. Jones to do a brief review of the motion and the Note, Deed of Trust and assignment documents. The matter is calendared to be heard on February 12, 2010, and even though no reply was filed because of the two "mix-ups" set forth above, there is no prejudice to the Wells Fargo Bank that the court not enter the Received Unsigned Order granting relief from the stay until the time of the hearing, and to allow Mr. Jones up until Thursday, February 11, 2010, to file any response, if any

DATED this 15th day of October, 2009.

/s/ Larry B. Feinstein
_____
Larry B. Feinstein WSBA # 6074
Attorney for Debtor

---

[2]. General bankruptcy attorney for the debtor, Larry Feinstein, filed this case on behalf of the debtor, but all disputes and claims of the mortgage companies were to be deferred to Special Counsel, who would be dealing with these issues.

[3] As the debtor has already entered into an Agreement with Wells Fargo on the debtor's home.

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355
Reply to Wells Fargo-2
Case 09-19609-KAO    Doc 43    Filed 02/08/10    Ent. 02/08/10 23:46:55    Pg. 2 of 2