KAREN A. OVERSTREET
Chief Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA 98101
206-370-5330

IN THE BANKRUPTCY COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

In re )
)
Karl John Reinke ) No. 09-19609
)
)
) ORDER ON REVISED MOTION
Debtor(s). ) FOR INTERIM FEES
_____ )

This matter came before the court the Revised Motion for Interim Fees filed by Richard Llewelyn Jones. The Revised Motion was mistakenly filed in the associated adversary proceeding to this case, Reinke v. Northwest Trustee Services Inc., et. al, No. A09-01541. The court reviewed the pleadings and files in both the main bankruptcy case and in the adversary case when considering Mr. Jones' request for fees.

The court finds as follows:

1. Mr. Jones' employment as special counsel to represent the estate in the adversary proceeding was approved by order entered January 5, 2010.

2. This is Mr. Jones' first application for fees and costs. Mr. Jones seeks approval of fees in the amount of $5,857.50 and costs in the amount $1,442.50, for a total of $7,300.

2. Mr. Jones holds a $4,000 retainer pursuant to the Standard Retainer Agreement dated September 6, 2009.

3. Mr. Jones was owed $2,637.50 in fees and costs related to the adversary proceeding when the bankruptcy case was filed. Mr. Jones' claim against the estate was not disclosed in the Application to Hire Richard Jones filed November 11, 2009.

4. Of the fees and costs requested in the Revised Motion for Interim Fees, $212.50 relates to debtor's Motion for Default against defendant First American Title Insurance

1 Company. The court twice denied debtor's Motion against First American for lack of proof
2 of proper service.

3     5. Mr. Jones' application includes $720.00 for 9 hours of "paralegal title research" performed by Shorewood Compliance and Consulting Services. In its Order on Motion for Interim Fees Denied without Prejudice entered May 11, 2010, this court requested additional information regarding this cost item. The Revised Motion for Interim Fees includes a general statement about the nature of the services performed by Shorewood Compliance and Consulting. However, it did not include a detailed description of the services rendered, the time expended, or the rate charged, so the court cannot make a determination regarding the reasonableness of this cost.

Based on these findings, the court concludes:

    1. The fees requested will be reduced by $550 (2 hours of time) for counsel's failure to disclose his pre-petition claim as required by Local Rule 2014-1(a).

    2. The fees and costs requested will be reduced $212.50 for time and costs related to the two unsuccessful Motions for Default as to defendant First American Title Insurance Company.

    3. The costs related to Shorewood Compliance and Consulting Services' bill for $720 will be disallowed.

Now, therefore, it is hereby

ORDERED that the court will allow interim fees and costs in the amount of **$5,817.50**. The retainer of $4,000 may be applied to the fees allowed. The balance of $1,817.50 may be paid from ongoing operations of the debtor in possession.

///END OF ORDER///

Karen A. Overstreet
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)